Howard WELLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49118.

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Rehearing Denied Jan. 8, 1975.

John L. Bates, Raymond T. Palladino and C. Stephen Allen, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Felipe Reyna, Raymond Matkins and William M. Harman, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The appellant was convicted of the offense of aggravated assault on a police officer. Punishment was assessed at confinement in the county jail for one year. Imposition of the sentence was suspended and, upon recommendation of the jury, appellant was placed on probation.

Appellant, in his first ground of error, contends that the complaint or affidavit upon which the information was based is fatally defective. The complaint makes a direct, unqualified accusation. Appellant contends that the complaint is fatally defective because the affiant had only information and belief as to the facts of the accusation, but no actual and direct knowledge of the transaction. The record reflects that the affiant was a detective for the Waco Police Department. The affiant testified that he made his accusations in the complaint based on information obtained from the police offense report which he believed to be factual.

The appellant argues that an affiant to a complaint or affidavit supporting an information must have actual and direct knowledge of the transaction in order to make a direct, unqualified accusation. Appellant further argues that where an affiant has only information and belief as to the facts, he can assert, at most, that he has good reason to believe, and does believe, the accused has committed an offense.

Appellant recognizes, however, that the requisites of a complaint or affidavit to support a prosecution under an information are not as stringent as the requirements of a complaint or affidavit for a search warrant. See Chapa v. State, Tex.Cr.App., 420 S.W.2d 943; Cisco v. State, Tex.Cr. App., 411 S.W.2d 547. In Chapa v. State, supra, 420 S.W.2d at p. 944, this Court said: "The purpose of the complaint is to apprise the accused of the facts surrounding the offense with which he is charged in order to permit him to prepare a defense to such charge." Cf. Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113. The requisites of Art. 21.22, Vernon's Ann.C. C.P., provide that an information must be supported by an affidavit made by some credible person charging the defendant with an offense. A person authorized to present informations and conduct prosecutions cannot be the affiant to the complaint supporting an information. Catchings v. State, 162 Tex.Cr.R. 342, 285 S.W.2d 233; Kennedy v. State, 161 Tex.Cr.R. 303, 276 S.W.2d 291, 294, on motion for rehearing. The purpose for requiring a supporting affidavit before institution of a prosecution by information is to prevent one individual from being both the accuser and the prosecutor in misdemeanor cases. See Kennedy v. State, supra. In order to effectuate the purposes of a complaint or affidavit accompanying an information, we hold that it is not necessary to inquire into the nature of the knowledge upon which an affiant bases his factual statements.

It is uncontested that the complaint in the instant case, on its face, meets the requirements of Art. 15.05, V.A.C.C.P., and adequately informs the appellant of the

charges against him. There has been no showing that the affiant is not a credible person. See Art. 21.22, V.A.C.C.P. The complaint, valid on its face, is sufficient to support prosecution by information.

 In his second ground of error, appellant contends that the trial court erred in refusing to instruct the jury on the meaning of the word "scuffle." The word was used several times by witnesses to describe the incident between the police officers and the appellant. There is no special legal meaning of the word "scuffle." It is understood by the ordinary person. No instruction defining "scuffle" was required. Also, the definition of the word "scuffle" is not a "defensive theory" as asserted by the appellant. The court properly instructed the jury on self-defense. Cf. Turley v. State, 171 Tex.Cr.R. 514, 352 S.W.2d 130.

In his third and fifth grounds of error, appellant contends that the trial court erred in failing to give an instruction on "illegal search and arrest as a defensive issue" and "on the appellant's rights upon an illegal search and arrest." The evidence raised an issue of a lack of probable cause for arresting the appellant without a warrant.

The court gave instructions to the jury concerning the right of a peace officer to arrest without a warrant, using the exact words of Articles 14.01(b) and 14.03, V.A.C.C.P. The court further instructed the jury that violence does not amount to assault or battery when used in self-defense or to prevent unlawful arrest. The court then instructed the jury to acquit the appellant if they found that the only acts of violence used by the appellant were in his necessary defense or to prevent his unlawful arrest. Cf. Duke v. State, 168 Tex.Cr.R. 403, 328 S.W.2d 189. The instructions given by the court were sufficient regarding illegal arrest as a defense.

In his fourth and sixth grounds of error, appellant challenges the admission into evidence of marihuana. Only a partial transcript of the proceedings at trial is before this Court. There is no reference to the introduction of marihuana or any objection to such introduction except in appellant's brief. The record does not reflect any attempt by the appellant or his retained counsel to present a complete or agreed statement of facts or a formal bill of exception showing admission of marihuana into evidence. Nothing is presented for review. Art. 40.09, V.A.C.C.P.; American Plant Food Corp. v. State, Tex. Cr.App., 508 S.W.2d 598.

Finding no reversible error, the judgment is affirmed.