Emmanuel P. ROSE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–89–01040–CR.

Court of Appeals of Texas, Dallas.

Oct. 15, 1990.

Robert E. Hilton, Dallas, for appellant.
Teresa Tolle, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and KINKEADE, JJ.

## OPINION

KINKEADE, Justice.

Emmanuel P. Rose appeals his conviction for speeding. After a trial de novo, the county criminal court of appeals assessed punishment at a fine of $101. In three points of error, Rose claims that the county criminal court of appeals: (1) erred when it denied his motion to quash the complaint, his motion to dismiss, and his amended motion for new trial because the complaint was not made in the county where the offense occurred; (2) erred in failing to grant him judgment; and (3) erred when it permitted the State to prove the identity of appellant by requiring him to produce a driver's license. Because the county court of criminal appeals properly denied Rose's motions, properly denied him judgment, and properly permitted the State to prove Rose's identity by having him produce his driver's license, we affirm the trial court's judgment.

## FACTS

On June 11, 1988, Carrollton Police Officer David J. Taylor stopped Rose for driving sixty miles per hour in a forty mile per hour speed zone and issued him a speeding ticket. The City of Carrollton extends into three counties: Dallas, Denton, and Collin. The offense occurred in that part of Carrollton located in Denton County. The complaint was filed in the Carrollton Municipal Court, which is housed in a building located in Dallas County.

## FILING OF THE COMPLAINT

■ In a case of first impression, Rose contends in his first point of error that the county criminal court of appeals· erred when it denied his motion to quash· the complaint, his motion to dismiss, and his amended motion for new trial because the complaint was not made in the county in which the offense was committed as required by article 45.17 of the Code of Criminal Procedure. Article 45.17 of the Code contains the requirements for a complaint made before a justice of the peace. It provides in part that the complaint shall state "[t]hat the offense was committed in the county in which the complaint is made." TEX.CODE CRIM.PROC.ANN. art. 45.17 (Vernon 1981). Article 45.01 of the Code, which lists the requirements for complaints filed in municipal courts in Texas, contains no similar requirement. The complaint filed in this case meets all of the requirements of article 45.01. *See* TEX.CODE CRIM.PROC.ANN. art. (Vernon 1981).

The question before this Court is whether article 45.17 governs only justice of the peace courts or both justice of the peace courts and municipal courts. Under the Texas Constitution each county is divided into precincts, and each precinct elects one or more justices of the peace. TEX. CONST. art. V, § 18(a). Although justice of the peace court precincts always lie within a single county, municipal boundaries may encompass more than one county. Article 4.14 of the Code of Criminal Procedure provides that municipal courts have exclusive original jurisdiction in all criminal cases in which punishment is by fine only and where the maximum fine does not exceed $2,000 in cases arising under the ordinances of the city. In addition, article 4.14 provides that the municipal courts have concurrent jurisdiction with any justice of the peace court in all criminal cases which arise under the criminal laws of the state where punishment is by fine only, said fine does not exceed $500, and the violation occurs within the corporate limits. *See* TEX.CODE CRIM.PROC.ANN. art. 4.14 (Vernon Supp.1990). Consequently, where a justice of the peace court's jurisdiction is limited to the precinct and county in which it lies, a municipal court's jurisdiction extends to the corporate limits of the city and to all the parts of the various counties that fall within those limits. For this reason an obvious need exists for different requirements for a complaint in a municipal court than in a justice of the peace court.

Rose asks this Court to apply the requirements of article 45.17 to both the justice of the peace courts and to the municipal courts. For Rose's logic to prevail, we must hold that municipalities with boundaries that encompass more than one county must take the complaints to that part of the city within the county where the offense occurs and get the complaint signed there. During oral argument, he suggested that the police drive to the county where the offense occurs, sign the complaint, and then return to the county where the court is located. Rose does not dispute that the municipal court may be located in any of the counties in which the city lies. Fortunately, the legislature wrote article 45.17 in conjunction with articles 45.15 and 45.16 to specifically refer to only justice of the peace courts. *See* TEX.CODE CRIM.PROC. ANN. arts. 45.15, 45.16, 45.17 (Vernon 1981). When a court has only one county within its jurisdiction, article 45.17 makes an abundance of good sense. When a court like the Carrollton Municipal Court covers three counties, however, article 45.17 makes no sense.

■ The record in this cause reflects that the complaint alleged that Rose was stopped for speeding "within the corporate limits" of the City of Carrollton. This was sufficient to vest jurisdiction in the municipal court. In the municipal court of the City of Carrollton, Texas, County of Dallas. Rose pleaded *nolo contendre* and the court assessed him a $60 fine. After Rose received the municipal court's judgment, he appealed it to the county criminal court of appeals located in Dallas County. A county criminal court of appeals has jurisdiction over appeals from inferior courts physically located in the county in which it sits. *Abouk v. Fuller*, 738 S.W.2d 297, 299 (Tex. App.—Dallas 1987, orig. proceeding). Because the municipal court had jurisdiction

to adjudicate the speeding charge and the filed complaint satisfied all of the requirements of article 45.01, the county criminal court of appeals did not err when it overruled Rose's motion to quash, his motion to dismiss, and his amended motion for new trial. We overrule Rose's first point of error.

## SUFFICIENCY OF THE AFFIDAVIT

■ In his second point of error, Rose contends that the county criminal court of appeals erred in not "granting judgment" for him. Rose argues that the statement sworn to by the affiant who made the complaint differed from the testimony heard at trial. The affiant stated that she had reason to believe and did believe, based on information provided by Officer Taylor, that appellant committed the offense of speeding. However, Officer Taylor testified at trial that he did not know the affiant and had not spoken to the affiant. The State produced no other evidence showing how the affiant received the information from Officer Taylor. We note that Rose cites no authority in support of his proposition. Failure to cite authority leaves nothing for this Court to review. *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Crim.App. 1980). Nonetheless, we will address his point of error.

■ Article 15.05 of the Code of Criminal Procedure sets out the requisites of a complaint. It provides that:

The complaint shall be sufficient, without regard to form, if it have [sic] these substantial requisites:

1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.

2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.

3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.

4. It must be signed by the affiant by writing his name or affixing his mark.

The complaint in the present case contained all of these requisites. The requisites of a complaint or an affidavit to support a prosecution under an information are not as stringent as the requirements of a complaint or affidavit for a search warrant. The purpose of the complaint is to apprise the accused of the facts surrounding the charged offense to permit him to prepare a defense to such charge. A complaint valid on its face is sufficient to support a prosecution by information. *Wells v. State*, 516 S.W.2d 663, 664 (Tex.Crim.App.1974). No requirement exists that the affiant have firsthand knowledge, and the court need not inquire into the nature of the knowledge upon which an affiant bases her factual statements. *Pringle v. State*, 732 S.W.2d 363, 368 (Tex.App.—Dallas 1987, pet. ref'd). The affiant may base the accusations in the complaint on information obtained from the police report. *Wells*, 516 S.W.2d at 664. A complaint is not insufficient simply because the police officer writing the ticket did not personally swear to the complaint. *See Coyle v. State*, 775 S.W.2d 843, 845 (Tex.App.—Dallas 1989, no pet.).

■ In the present case, the affiant states that she has good reason to believe and does believe, based on information received from Officer Taylor, that Rose was speeding. The statements in the complaint correspond to the information contained on the traffic citation issued to Rose by Officer Taylor. Although Officer Taylor testified that he personally did not know or speak with the affiant, Rose made no showing that the complaint did not adequately inform him of the charges against him or that it was invalid on its face. Because the complaint was valid on its face and no requirement exists that an affiant have firsthand knowledge or that the police officer actually speak to the person making the affidavit in the complaint, we overrule Rose's second point of error.

In his third point of error, Rose contends that the trial court erred when it allowed the State to prove his identity through pro-

duction of his driver's license. He claims that this identification procedure forces him to testify. Again, Rose cites no authority in support of his argument. Thus, he has provided nothing for this Court to review. *McWherter*, 607 S.W.2d at 536. Nonetheless, we will address his point of error.

A driver's license is admissible to establish prima facie proof of Rose's identity. *See Olson v. State*, 505 S.W.2d 895, 897 (Tex.Crim.App.1974). Neither the Fifth Amendment of the United States Constitution nor article I, Section 10 of the Texas Constitution, protects a defendant from the State's use of demonstrative, physical, and real evidence. *See Schmerber v. California*, 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966). In the present case, Rose's production of his driver's license was no more testimonial in nature than a writing or voice exemplar, each of which have been held not to implicate the right against self-incrimination. *See Jones v. State*, 795 S.W.2d 171, 175 (Tex.Crim.App., 1990). *Compare United States v. Praetorius*, 622 F.2d 1054, 1062–63 (2d Cir.1980), *cert. denied sub nom. Lebel v. United States*, 449 U.S. 860, 101 S.Ct. 162, 66 L.Ed.2d 76 (1980) (compulsion to produce passport for introduction into evidence is not testimonial in nature). Because the production of his driver's license was not testimonial in nature, the trial court did not err in forcing Rose to produce his drivers' license for the purpose of identification. We overrule Rose's third point of error and affirm the trial court's judgment.