**Opinion issued January 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01008-CR

————————————

### ERNEST-FRANCIS FLORES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1819987**

---

## MEMORANDUM OPINION

Appellant Ernest Francis Flores appeals from judgment adjudicating him guilty of speeding, i.e., traveling 72 miles per hour in a 50 mile-per-hour zone. We affirm.

**ISSUES ON APPEAL**

Appellant brings the following thirty-eight points of error, identified in his brief as sub-issues 1(a)-(h), and issues 2–31:

1.      The complaint charging the Crime has numerous defects:

      a.      Complainant lacks first-hand knowledge.

      b.      Accused was denied the right to confront the complainant/accuser(s) against him face-to-face and challenge complaint as required by the Texas Constitution Art. 1 Section 10.

      c.      Complainant lacks a statement under oath involving an appearance before an officer empowered to administer oaths as the opinion of the attorney general requires.

      d.      Complaint fails to identify Defendant-in-error Flores by his true name and Defendant-in-error Flores does not agree or consent to be identified as ERNEST F FLORES as such assemblage of letters in all capital letters are an "Ens Legis," which according to Black's Law Dictionary 3rd Ed. Means: "A creature of the law: an artificial being, as contrasted with a natural person. Applied to corporations considered as deriving their existence entirely from the law" and does not apply Defendant-in-error Flores.

      e.      Defendant-in-error Flores is not a "person" nor the "person" listed on the Complaint or other Court documents titled: CAUSE No: 1819987.

      f.      Complaint is hearsay and fails to state a claim upon which relief may be granted.

      g.      Complaint lacks standing.

      h.      Complainant lacks delegation of authority from the Texas Attorney General to file a lawsuit against Defendant-in-error Flores.

2. Defendant-in-error Flores is neither a surety, nor an accommodation party, for any juristic person.

3. Defendant-in-error Flores does not live, work or travel within the judicial district of the STATE OF TEXAS nor within HARRIS COUNTY nor within the territory owned by or subject to the exclusive legislative power of the United States of America or its jurisdiction.

4. Defendant-in-error Flores has neither seen nor been presented with any evidence and likewise any material fact/contract that demonstrates or proves that Defendant-in-error Flores was engaged in commerce while traveling in his private non-passenger, non-commercial automobile near Katy, Harris County, Texas on July 7, 2011.

5. There seems to be a presumption that Defendant-in-error Flores was engaged in commercial activities and when he was involved in his private affairs. Defendant-in-error Flores states: no commercial consensual encounter took place even if so construed by any of the parties, in any manner whatsoever without full disclosure or consideration.

6. Defendant-in-error Flores neither disturbed the peace, nor the dignity of Harris County, Texas nor HARRIS COUNTY, TX at any time.

7. Defendant-in-error Flores neither disturbed the peace, nor the dignity of The State of Texas, nor THE STATE OF TEXAS at any time.

8. Defendant-in-error Flores neither injured nor damaged any person, place or thing nor breached any lawful/legal, binding or enforceable contract. Regarding any and all documents other than those initiated/put forth by Defendant-in-error Flores, i.e. documents such as this Statement of Facts of Truth, Defendant-in-error Flores states that any and all ink-marks appearing within the signature of space of any and all such documents do not comprise Defendant-in-error Flores's signature, as Defendant-in-error Flores's signature appears only where knowingly, willingly, and voluntarily executed following full

3

disclosure of all terms and conditions of any unrevealed contract/commercial agreement.

9. Defendant-in-error Flores states jurisdiction was neither conferred, implied, nor granted. The trial Courts acquire authority to adjudicate matters if they have both subject matter and in personam jurisdiction and they did not.

10. There is no proof in evidence that the corporate laws of THE STATE OF TEXAS can be applied to Defendant-in-error Flores, nor has he agreed to abide by them. THE STATE OF TEXAS cannot achieve parity with a living, breathing, sentient being, so it created the fiction a.k.a. ERNEST F FLORES, which is not Defendant-in-error Flores.

11. Ex parte hearing and trial took place as the compulsory process for obtaining witnesses in his favor as required by the Texas Constitution Art. 1 Section 10.

12. The two (2) previous trial judges, (David Patronella: Harris County Justice of the Peace for Precinct 1, Place 2 and Paula Goodhart: Harris County Criminal Court at Law No. 1), both lack compliance with their "Oath of Office" requirements of Texas Secretary of State. Both Patronella and Goodhart have breached their fiduciary duty and are involved in official judicial misconduct.

13. Court personnel and persons involved in this matter lack compliance with Title 5, Chapter XVI, Subchapter B, Part 2635, Subpart A, Section 2635.101 – Basic obligation of public service.

14. As the Transportation Code is written, Defendant-in-error Flores never violated § 201.904 nor § 545.351. (See Attached).

15. Whether the trial Court erred by accepting Complaint filed by Sandra Ward when she lacks firsthand knowledge.

16. Whether the trial Court erred by allowing Complaint filed by Sandra Ward when she lacks her official "Oath of Office."

17. Whether the trial Court erred by allowing Complaint filed by Sandra Ward when there is lack of corpus delicti.

18. Whether the trial Court erred by allowing Complaint filed by Sandra Ward when she lacks delegation of authority from the Attorney General of Texas to swear out and sign an affidavit as "The State of Texas."

19. Whether the trial Court erred by allowing Complaint filed by Sandra Ward when she is in contempt of Court for failing to appear after being subpoenaed by the Court, have the oath administered by one authorized to do so, be sworn in and cross-examined, have oral arguments.

20. Whether the trial Court erred by allowing Complaint filed by Sandra Ward when the Notary and witness: Maribel Nava lacks her official "Oath of Office."

21. Whether the trial Court erred by allowing Complaint witnessed by Maribel Nava when she is in contempt of Court for failing to appear after being subpoenaed by the Court, have the oath administered by one authorized to do so, be sworn in and cross-examined, have oral arguments.

22. Whether the trial Court erred by having an exparte hearing when all parties were not present.

23. Whether the trial Court erred by proceeding with trial when subpoenaed parties were not present and unable to confront or cross-examine accuser.

24. Whether the trial Court erred when depriving Defendant-in-error Flores of due process.

25. Whether the trial Court erred by proceeding after jurisdiction was challenged.

26. Whether the trial Court erred when the Courts are deprived of subject matter jurisdiction and acted in a manner inconsistent with due process.

27. Whether the trial Court erred when there is a lack of a valid cause of action.

28. Whether the trial Court erred by proceeding when there is a conflict of interest with Court participants.

29. Whether exculpatory evidence is being withheld.

30. Whether the trial Court erred by failing to fully disclose the whole truth, by their withholding of exculpatory evidence, dealing with the facts that the trial court allowed ex parte to occur, in both instances of hearing as well as at trial.

31. Whether the trial Court erred by failing to state a claim which relief can be granted, by failing to exhaust their administrative remedies, by not having an administrative hearing with Defendant-in-error Flores' agency for reprimand before taking him before administrative court.

The State responds that (1) the record does not affirmatively establish appellate jurisdiction was proper in the county court below, and (2) in any event, appellant's points are without merit.

## I. We overrule appellant's points related to identity and location.

Appellant presents several points of error relating to his identity, his residence, and the location of his conduct giving rise to his speeding ticket—points 1(d), 1(e), 2, 3, 4, 5, and 10.

Appellant alleges his conviction should be overturned because the complaint fails to identify him by his true name, and he does not agree or consent to being identified as ERNEST F FLORES (issue 1(d)). He further states he is not a "person" nor the "person" listed on the complaint or other court documents titled

6

"CAUSE No: 1819987" (issue 1(e)). And he states that he is "neither a surety, nor an accommodation party, for any juristic person" (issue 2). He contends that the State cannot "achieve parity with a living, breathing, sentient being, so it created the fiction a.k.a. ERNEST F FLORES, which is not Defendant-in-error Flores." (issue 10.)

Appellant acknowledges that his name is Ernest-Francis Flores, and does not claim that his name is spelled incorrectly in these documents. Rather, his complaints hinge upon the use of all capital letters to spell out his name in the complaint and other court filings, which he insists implies that he is a corporation, which he is not. In *Kimmell v. Cooper*, the Austin Court of Appeals addressed, and rejected, an identical argument,

> [Appellant] attaches significance to the writing of names in all capital letters and believes that a fully capitalized name is that of a debtor or a legal fiction like a corporation. He apparently believes that any other full capitalization of a name not ordinarily fully capitalized is improper and that a court cannot bind an individual or entity who uses upper-and lower-case to spell his, her, or its name by signing orders and judgments that contain full capitalizations of those names. [Appellant's] theory of the meaning of capitalization is neither the law nor the practice in this Court.

No. 03-01-00333-CV, 2002 WL 246425, at *2 (Tex. App.—Austin Feb. 22, 2002, no pet.) (not designated for publication). We likewise hold that the use of capital letters in identifying appellant in the complaint and other court documents does not

carry any legal significance or render the documents' identification of him improper. Accordingly, we overrule points of error 1(d) and 1(e), 2 and 10.

Appellant next alleges he "does not live, work, or travel within the judicial district of the STATE OF TEXAS nor within HARRIS COUNTY nor within the territory owned by or subject to the exclusive legislative power of the United States of America or its jurisdiction." (issue 3). He also complains that he has not been presented with any evidence that he was "engaged in commerce while traveling in his private non-passenger, non-commercial automobile near Katy, Harris County, Texas on July 7, 2011," (issue 4), and that "no commercial consensual encounter took place." (issue 5).

Appellant represents in his brief here that he resides on South Mason Rd., Katy, Texas 77450. His brief states that this case "arises from an alleged traffic infraction while traveling in a private non-passenger, non-commercial auto on the I-10 Feeder road in Katy, Texas as a Harris County Peace Officer stopped [him] for an alleged speeding violation that does not exist in fact or law because he was traveling at a reasonable and prudent speed under the conditions that were then present." It appears that this argument is not that he actually does not reside or travel in Harris County or in Texas, but instead that there is no evidence that he resides or drives in Harris County or Texas for a *commercial purpose*.

Appellant distinguishes between private and public uses of roads. He argues that "the use of highways for purposes of travel and transportation is not merely a privilege, but a common and fundamental right, of which the public and individuals cannot rightfully be deprived." At one point, his appellant's brief acknowledges that rights "may be subject to reasonable regulation and control by the state legislature," but he contends that "according to the U.S. SUPREME COURT & other legal authorities, it is the COMMERCIAL use of the public roads that is a PRIVILEGE."

Appellant cites no relevant authority for the proposition that traffic regulations of speed apply only to those utilizing roads for commercial, rather than personal, reasons. The relevant statute makes no such distinction between commercial and personal use of motor vehicles. *See* TEX. TRANSP. CODE ANN. § 545.351(a) (Vernon 2011) ("An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing."). And the Court of Criminal Appeals has long upheld the constitutionality of speeding laws. *See Eaves v. State*, 353 S.W.2d 231, 232 (Tex. Crim. App. 1962). We overrule points of error 3, 4, and 5.

## II. We overrule appellant's points of error directed at the sufficiency of the evidence that he disturbed the peace and dignity of the state.

Texas prohibits an operator of a motor vehicle from "driv[ing] at a speed greater than is reasonable and prudent under the circumstances then existing." TEX.

9

TRANSP. CODE ANN. § 545.351(a). The relevant provision here sets the limit of "30 miles per hour in an urban district on a street other than an alley." TEX. TRANSP. CODE ANN. § 545.352(b)(1). State and local government may alter these limits. *See* TEX. TRANSP. CODE ANN. § 545.353; *see also* TEX. TRANSP. CODE ANN. § 545.355; TEX. TRANSP. CODE ANN. § 545.356. Here, the posted speed was 50 miles per hour.

The body of the complaint states:

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned Affiant, who, after being duly sworn, on oath deposes and says that Affiant has good reason to believe and does believe and charge that on or about 07/07/11, and before the filing of this complaint, ERNEST FRANCIS FLORES, Defendant, did then and there unlawfully, operate a motor vehicle on a public street or highway in Harris County, Texas, at 072 miles per hour, which speed was greater than was reasonable and prudent under the circumstances then existing, and the speed was more than thirty (30) miles per hour in an urban district; and more than 050 miles per hour which was the lawful maximum prima facie speed limit posted by sign.

CONTRARY TO LAW AND AGAINST THE PEACE AND DIGNITY OF THE STATE

Appellant urges that he "neither disturbed the peace, nor the dignity, of Harris County, Texas nor HARRIS COUNTY, TX at any time," (issue 6), and that he "neither disturbed the peace, nor the dignity of The State of Texas, nor THE STATE OF TEXAS at any time." (issue 7.) His brief does not elaborate further,

10

and we assume this is a reference to the language in the complaint, and a challenge to the sufficiency of the evidence. "Against the Peace and the Dignity of the State" is not an element of the offense with which appellant was charged and, thus, any sufficiency challenge to the supporting evidence is misplaced.[1] We overrule issues 6 and 7.

### III. We overrule appellant's points of error related to Affiant Sandra Ward and Clerk Maribel Nava.

Appellant alleges multiple points of error concerning the court personnel and persons involved in this matter, including points 1(a), 1(b), 1(c), 1(h), 11, 15, 16, 18, 19, 20, 21and 23. We overrule each of these points of error.

#### A. Points of error concerning Affiant Sandra Ward

Appellant alleges several points of error against Affiant Sandra Ward, including points 1(a), 1(b), 1(c), 1(h), 11, 15, 16, 18, 19, 20 and 23. He argues that Ward, as the complainant, "lacks first-hand knowledge" (issues 1(a) & 15). "There is no requirement that the [complaint] affiant have first hand knowledge upon which to base his statements." *Smith v. State*, 811 S.W.2d 665, 668 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). We overrule points of error 1(a) and 15.

---

[1] Before the article V, section 12 of the Texas Constitution was amended in 1985, it provided that "All prosecutions shall be carried on in the name and by the authority of the State of Texas, and shall conclude: 'Against the peace and dignity of the State.'"

Appellant alleges he was denied the right to confront Ward and cross examine her after she failed to comply with a subpoena to appear. (issues 1(b), 11, 19 & 23.) "The Sixth Amendment does not guarantee, however, the right to secure the attendance and testimony of any and all witnesses; rather, it guarantees only compulsory process for obtaining witnesses whose testimony would be both material and favorable to the defense." *Coleman v. State*, 966 S.W.2d 525, 527–28 (Tex. Crim. App. 1998) (citing *U.S. v. Valenzuela-Bernal*, 458 U.S. 858, 866–67, 102 S. Ct. 3440, 3446 (1982)). Appellant fails to demonstrate that Ward, as the complainant who signed the complaint, has material and favorable testimony to give. *Id*. Moreover, appellant cites no evidence of a subpoena for Ward, or evidence that Ward failed to appear before the court. We overrule points of error 1(b), 11, 19, and 23.

Appellant next alleges the complainant lacks a statement under oath involving an appearance before an officer empowered to administer oaths. In Texas, "[a]n oath made in this state may be administered and a certificate of the fact given by . . . a justice of the peace or a clerk of a justice court." TEX. GOV'T CODE ANN. § 602.002(3) (Vernon 2012). Maribel Nava, Clerk of the Justice Court, Precinct 5, Place 2 signed the complaint verifying Ward made the statement under oath before an officer empowered to administer oaths. Appellant also argues, but cites no facts or authority in support, that Ward lacks delegation of

authority from the Attorney General of Texas to swear out and sign an affidavit as the State of Texas. We overrule points of error 1(c), 16 and 18.

**B. Points of error concerning Clerk Maribel Nava**

Appellant alleges, in points of error 20, 21, and 23, that the Clerk of Court Maribel Nava "lacks her official 'Oath of Office,'" and that the trial court erred by proceeding to trial without Nava after she failed to respond to a subpoena. In support of this first contention, appellant's brief states that "a background check reveals that she lacks her official 'Oath of Office.'" This is not supported by any citation to the record, nor have we located any support for this assertion. As for the assertion that Nava failed to respond to a subpoena and that appellant was deprived of due process rights by his inability to cross-examine her, our analysis is the same as presented above with regards to Ward. Appellant has not alleged, much less established that Nava's testimony would be material and favorable to the defense; nor has he established that Nava was properly subpoenaed and failed to appear. We overrule points of error 20, 21, and 23.

## IV. We overrule appellant's remaining points of error.

The appellant has the burden to properly initiate the completion of a record sufficient to illustrate reversible error. *See* TEX. R. APP. P. 35.3; *see also Cheek v. State*, 65 S.W.3d 728, 730 (Tex. App.—Waco 2001, no pet.)(citing *Kent v. State*, 982 S.W.2d 639, 641 (Tex. App.—Amarillo 1998, pet. ref'd)). If the appellant fails

to do so, and an issue on appeal involves matters omitted from the record due to the appellant's failure to request or pay for the record, then the appellant's actions will prevent us from adequately addressing the dispute. *Kent*, 982 S.W.2d at 641.

Additionally, an appellant must cite to appropriate authority. *Rose v. State*, 799 S.W.2d 381, 384 (Tex. App.—Dallas 1990, no pet.). Failure to cite to authority leaves nothing for this Court to review. *Id.* (citing *McWherter v. State*, 607 S.W.2d 531, 536 (Tex. Crim. App. 1980)). When an appellant fails to "present argument and authorities as required by Texas Rule of Appellant Procedure 38.1(h)" for a point of error, that issue is considered inadequately briefed and shall be overruled. *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (en banc) (citing Tex. R. App. P. 38.1(h)); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) (en banc).

While we have endeavored to address several of appellant's points of error, we hold that his remaining points, i.e., 1(f), 1(g), 8, 9, 12, 13, 14, 17, 22, 24, 25, 26, 27, 29, 30, and 31, are waived (by failing to cite record evidence, by failing to cite any relevant legal authority, or by failing to present argument in support).

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).