**Affirmed and Opinion Filed May 29, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-01570-CR**

**No. 05-14-01571-CR**

**No. 05-14-01611-CR**

**No. 05-14-01612-CR**

**ROBERT EARL MARZETT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. MC-14-R0006-D; MC-14-R0007-D;**

**MC-14-R0008-D; MC-14-R0009-D**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Bridges

Robert Earl Marzett appeals the judgment of the county criminal court of appeals affirming his convictions for operating an unregistered vehicle, failing to have a valid motor vehicle inspection, failing to maintain financial responsibility, and driving with an invalid license. Appellant was found guilty of these offenses in a trial before the court in the City of Irving Municipal Court of Record. Appellant appealed his convictions to the Dallas County Criminal Court of Appeals, which affirmed his convictions. In his brief filed in the county court, appellant asserted twenty points of error contending the trial judge erred: (1) when he refused to disqualify himself; (2) "applying this choice of law to appellant"; (3) finding that appellant had

"committed an act within the territorial jurisdiction of the transportation code"; (4) denying appellant's "repeated objections and request for a pre-trial hearing"; (5) denying appellant's "request for judicial notice of adjudicative facts in establishing for the record the definition of the term 'transportation'"; (6) finding it had jurisdiction over this case; (7) finding that appellant's warrantless seizure was constitutional; (8) finding it had personal jurisdiction over appellant; (9) finding that the city of Irving acting in the name of the state of Texas had standing to bring these charges against appellant; (10) finding that a clerk of the municipal court of the city of Irving had standing to act as the affiant on a complaint charging appellant with an offense; (11) finding that the clerk's affidavit was reliable; (12) finding that Officer Buesing's unsworn report was reliable; (13) finding that "service of process was effective for conferring personal jurisdiction over appellant" in a transportation code case; (14) finding that the complaint filed in this case was sufficient to give appellant constitutional notice of the cause and nature of the accusation against him; (15) finding the complaint substantially sufficient to allege an offense; (16) finding that application of the transportation code to appellant's private travel was not unconstitutional "as applied"; (17) refusing to allow appellant to challenge the reliability of the testimony of the police officers; (18) refusing to strike the testimony of the police officers; (19) finding the evidence sufficient to support appellant's convictions; and (20) finding that the subject matter of the transportation code was not unconstitutionally vague. That same brief and issues are before us in these appeals. We affirm the judgment of the Dallas County Criminal Court of Appeals.

On September 24, 2014, Irving police officer Steven Buesing received a suspicious person call and responded to a church parking lot in Irving. Buesing arrived and saw a Suburban with no license plates and two other officers talking to appellant. Appellant was "very defiant about how the law didn't apply to him, that he wasn't required, and the definition of traveling and all these different things that he was trying to get his point across." Buesing determined

–2–

appellant's vehicle had no license plates, appellant had an expired and suspended driver's license, there was no inspection sticker on appellant's vehicle, and he had no insurance. Buesing told appellant he was not allowed to drive, and if appellant left the parking lot in his vehicle, Buesing would pull him over and arrest him. Nevertheless, as Buesing and the other officers were getting back to their cars, appellant backed out of the parking lot and drove away. Buesing pursued appellant, pulled him over, and arrested him.

At trial, Buesing testified that appellant had committed the charged offenses and described the circumstances surrounding appellant's arrest. Buesing further testified appellant's driver's license had expired in 2008 and had "an indefinite suspension levied on July 18th of 2012." Appellant testified he told Buesing and the other officers "there was no law of the State of Texas requiring [him] to have a license for the purpose of private travel. The issue came up as to what [appellant] was doing, and [he] told [the officers] [he] was traveling." Appellant maintained "traveling" is a completely separate subject matter from "transportation." Therefore, appellant argued, "you can't take Transportation Code statutes and apply them to a subject matter that's not 'transportation.'" Appellant testified he was "not engaged in transportation." Appellant argued further that the transportation code did not include Texas within the definition of "State." Appellant complained the police officers only asked him for proof of insurance. They did not ask him "Do you have any of the other forms of financial responsibility recognized by law?" They also did not explain to appellant how his "drivers license which expired in 2008 could do anything, let alone be suspended or revoked."

As to operating a motor vehicle without two license plates, appellant stated "I did not have two license plates." Appellant argued no law required him to have license plates. Regarding the lack of an inspection sticker, appellant argued there was no law requiring him to have an inspection sticker if his car was not registered in the state. Regarding financial

responsibility, appellant argued the officers did not ask him for proof of financial responsibility: they asked him for insurance, "which I don't have." Appellant characterized the allegation of operating a motor vehicle with an expired license as a "frivolous charge." Appellant argued the suspension of his driver's license was "void" because his license expired in 2008 and "any action taken on that driver's license after 2008 cannot be related back to" [him].

On cross-examination, appellant admitted that, when officers asked him for his driver's license and proof of insurance, appellant could provide neither. Appellant also admitted his "personal automobile" did not have registration and had not been inspected. In his closing argument, appellant stated that, in order to prove he operated a motor vehicle without a license, the State first had to prove he was "a person required to have a driver's license." Appellant argued the term "person" had "a specific definition in these Codes that does not include one of the sovereign people of Texas," which is what appellant claimed he was. Further, as one of the sovereign people of Texas, appellant argued he had "a right to travel on the roadways of the state, using the normal conveyance of the day, whether that's a horse-drawn carriage or an automobile." In addition, appellant argued, the State had to prove he "did these things within the territorial jurisdiction of the law which is defined very specifically and statutorily, and it does not include a state in the Union such as Texas."

As to the registration sticker, appellant argued "the provision requiring an inspection sticker only applies to cars that are registered," and appellant's registration had expired. Thus, appellant argued, because his registration was "done, gone," and "no longer exist[ed]," the inspection requirement did not apply to his "personal automobile." Regarding proof of financial responsibility, appellant argued the officers did not ask him for "financial responsibility," only for his license and insurance. Finally, appellant argued there was "no provision of the law

–4–

requiring [him] to have a license plate on [his] personal automobile" because a "personal automobile" is not the same thing as "motor vehicle."

In general terms, appellant argued "[w]hat is accepted on the street in common language everyday is a totally different standard that what happens when you enter into a courtroom where all of a sudden you're applying very specific statutes that have very specific definitions to facts." Appellant argued the officers who testified did not "know the statutes that [appellant was] alleged to have violated." Specifically, appellant argued, the officers did not "know what 'persons' are; they [did not] know what 'states' are; they [did not] know what 'motor vehicles are; they [did not] know what 'transportation' is, which is the subject matter of this case."

The Irving municipal court convicted appellant of the four charged offenses. Appellant appealed to the county criminal court of appeals and received a trial de novo. That court affirmed appellant's convictions. These appeals followed.

In his first issue, appellant argues the trial judge erred as a matter of law when he refused to disqualify himself. Specifically, appellant argues the judge "did not sit as a judicial officer of the de jure government of the Texas Republic enforcing its general laws." Appellant argues "this is apparent from an examination of the territorial jurisdiction of the [transportation code] and the money of accounts of the COURT enforcing this code." Appellant argues "[g]old and silver coin is the only lawful tender in Texas." Because transportation code "fees, fines and penalties are payable only in Federal Reserve Notes, therefore the COURT must be acting as a federal territorial court." If the court is "purporting to act as a court of justice, enforcing the general laws of Texas, [federal reserve notes] as the money of accounts creates a defect in the operation of government and its status becomes de facto and not de jure." Appellant argues he is entitled to "have his rights adjudicated in a constitutional court of justice, presided over by a de jure judicial officer exercising the judicial power of the de jure government of Texas." "When a de

–5–

facto judge is challenged as de facto and refuses to recognize the limits of his authority, his acts are his own and are those of a tyrant."

Here, appellant filed a motion to disqualify the trial judge. The trial judge denied appellant's motion and submitted the matter to the First Administrative District to review. The Presiding Judge denied appellant's motion to disqualify. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i). This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations. *Muhammed v. State*, 331 S.W.3d 187, 195 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Appellant's brief contains no citations to the record or legal authority supporting his position; therefore, it falls short of the minimum required to present an issue for appellate review. *Id.* Because appellant inadequately briefed this issue, he has waived error. *Id.* We overrule appellant's first issue.

We next address appellant's nineteenth issue in which he argues the trial court erred in finding the evidence sufficient to support his convictions. Specifically, appellant argues "[t]here was no reliable evidence that appellant was engaged in transporting or drawing persons or property on a public highway of a [transportation code] state." Further, appellant argues there was no evidence that appellant is a "person," an "owner" or a "resident" of this "state" as those terms are defined and used in the transportation code.

We review a challenge to the sufficiency of the evidence of a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). Under this standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.*

–6–

Appellant admitted that, when officers asked him for his driver's license and proof of insurance, appellant could provide neither. The record shows appellant's license was expired and suspended. Appellant also admitted his "personal automobile" did not have registration and had not been inspected. In light of appellant's admissions that he committed all four charged offenses, we conclude the evidence was sufficient to support his convictions. *See id.* Further, appellant's entire challenge to the sufficiency of the evidence is based on his assertions, raised and rejected at trial and on appeal in county court, that he was not subject to the provisions of the transportation code. Again, appellant fails to support his argument with citations to the record or any relevant authority. *See Muhammed*, 331 S.W.3d at 195. We overrule appellant's nineteenth issue.

In his second, third, seventh, sixteenth, and twentieth issues, appellant raises familiar complaints that the transportation code could not be used to prosecute him. Appellant argues the transportation code is "a private or special law of the Texas legislature acting in its proprietary nature as a corporate body and federal 'state.'" "The legislatively expressed territorial jurisdiction of the [transportation code] does not include territory under the exclusive jurisdiction of states in the Union, such as the [sic] Texas." Appellant concedes his "activities occurred in the city of Irving, state of Texas," but he argues "this location is territory within the exclusive jurisdiction of Texas." Appellant argues "there was no allegation or evidence of appellant using a device to transport or draw persons or property in a [transportation code] state." Thus, appellant argues, the transportation code "cannot be applied to any activity outside the expressed subject matter of 'transportation.'" Finally, appellant argues the definition of "transportation" is ambiguous and it is "impossible" for him to know what activity is being regulated by the transportation code.

Statutory interpretation is a question of law that we review de novo. *Bays v. State*, 396 S.W.3d 580, 584 (Tex. Crim. App. 2013); *Nguyen v. State*, 359 S.W.3d 636, 641 (Tex. Crim. App. 2012). In interpreting statutes, we seek to effectuate the Legislature's collective intent and presume that the Legislature intended for the entire statutory scheme to be effective. *See* TEX. GOV'T CODE § 311.021 (West 2013); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). To achieve this goal, we necessarily focus our attention on the literal text of the statute and attempt to discern the objective meaning of that text at the time of its enactment. *Bays*, 396 S.W.3d at 584; *Nguyen*, 359 S.W.3d at 642. If the language is unambiguous, our analysis ends because the Legislature must be understood to mean what it has expressed, and it is not for the courts to add to or subtract from such a statute. *Bays*, 396 S.W.3d at 584-85; *Boykin*, 818 S.W.2d at 785.

Appellant cites no relevant authorities to support his arguments challenging the applicability of the transportation code and his interpretation of the terms used therein. *See Muhammed*, 331 S.W.3d at 195. Under these circumstances, we conclude these arguments lack merit. We overrule appellant's second, third, seventh, sixteenth, and twentieth issues.

In his fourth and fifth issues, appellant contends the trial court erred by failing to take judicial notice of the definition of the term "transportation." Appellant also complains in his fourth issue that his rights to due process and equal protection of the laws under the United States and Texas Constitutions were violated by the trial court failing to hold a pretrial hearing until the date of trial, by denying appellant's "motions challenging the admissibility of prosecution witnesses' testimony and protect [sic] them from voir dire or cross-examination regarding their understanding of the definitions of the terms they were using to describe appellant's activities," and by denying appellant's motion to quash the complaint. Appellant

fails to provide any substantive argument as to the latter two complaints and, therefore, failed to preserve them for appellate review. *See* TEX. R. APP. P. 38.1(i).

As to appellant's complaint the trial court erred by holding a pretrial hearing on the date of trial, the court may set any criminal case for a pretrial hearing before it is set for trial upon its merits. TEX. CODE CRIM. PROC. art. 28.01(1) (West 2006). Article 28.01 is not mandatory but is directed to the court's discretion. *Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988). Further, article 38.22 of the code of criminal procedure requires a trial court to file findings of fact and conclusions of law only under circumstances not present here. *See* TEX. CODE CRIM. PROC. art. 38.22 (West Supp. 2014); *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim App. 2007) (article 38.22 requirements mandatory only when there is custodial interrogation).

Appellant has failed to show how the trial court abused its discretion in conducting a pretrial hearing on the day of trial and in refusing to take "judicial notice of the definition of the term 'transportation.'" *See Calloway*, 743 S.W.2d at 649; *Herrera*, 241 S.W.3d at 526. We overrule appellant's fourth and fifth issues.

In his sixth, eighth, ninth, and thirteenth issues, appellant challenges the jurisdiction of the trial court. Specifically, appellant argues that, "[i]n order to invoke the jurisdiction of a court, the charging instrument must allege all the essential elements of the offense." Appellant asserts there is no allegation in this case "that appellant was using his private property as a 'device' to transport of [sic] draw persons or property on a highway in a [transportation code] state. Appellant argues he expressly pled that he was not a "person" as defined by the transportation code, and the State did not rebut this assertion or present evidence that appellant was a "person." Appellant challenges the City of Irving's standing to bring these charges against him "without proof of appellant's voluntary consent in the record." Appellant argues that,

"[a]bsent a showing by CITY OF IRVING that appellant has voluntarily entered into an agreement with the [transportation code] state to participate in transportation, CITY OF IRVING has no standing to bring [transportation code]'s charges against appellant." Appellant argues "[s]ervice of process was not within the territorial jurisdiction of the law as defined by the term 'state' in the [transportation code]."

All of these issues rely on appellant's novel interpretation of the terms "transportation," "person," and "state" as used in the transportation code. Again, appellant cites no authority to support his interpretation of these terms. *See Muhammed*, 331 S.W.3d at 195. We overrule appellant's sixth, eighth, ninth, and thirteenth issues.

In his tenth, eleventh, twelfth, fourteenth, and fifteenth issues, appellant challenges the sufficiency of the complaint and the underlying documents on which the complaint was based. Appellant argues the clerk of the City of Irving Municipal Court did not have standing to bring this charge against him. Appellant challenges the reliability of the clerk's affidavit supporting the charging instrument and argues the affidavit was not reliable because it was based on an unsworn police report. Appellant argues the charging instrument in this case should be held to the standards of an information under code of criminal procedure articles 21.20, 21.21, and 21.22. Appellant argues the complaint did not give him sufficient notice of the charged offenses. "There is no allegation of how appellant's private property was being used as a device to transport or draw persons or property and thus qualifies as a 'vehicle' under the [transportation code]." For the same reason, appellant argues the complaint did not allege an offense. Appellant argues the complaint was defective in failing to allege appellant is "a resident of this state," or a "person."

Complaints in municipal court may be made before, among others, the clerk of the court. TEX. CODE CRIM. PROC. art. 45.019 (West 2006); *Martin v. State*, 13 S.W.3d 133, 139 (Tex.

–10–

App.—Dallas 2000, no pet.). Although a complaint must state facts sufficient to show the commission of an offense charged, it need not show the same particularity or specificity as is necessary in an indictment or information. *See Vallejo v. State*, 408 S.W.2d 113, 114 (Tex. Crim. App. 1966). The purpose of the complaint is to apprise the accused of the facts surrounding the charged offense to permit him to prepare a defense to such charge. *Rose v. State*, 799 S.W.2d 381, 384 (Tex. App.—Dallas 1990, no pet.). A complaint valid on its face is sufficient to support a prosecution by information. *Wells v. State*, 516 S.W.2d 663, 664 (Tex. Crim. App. 1974); *Rose*, 799 S.W.2d at 384. No requirement exists that the affiant have firsthand knowledge, and the court need not inquire into the nature of the knowledge upon which an affiant bases her factual statements. *Rose*, 799 S.W.2d at 384; *Pringle v. State*, 732 S.W.2d 363, 368 (Tex. App.—Dallas 1987, pet. ref'd). The affiant may base the accusations in the complaint on information obtained from the police report. *Wells*, 516 S.W.2d at 664. A complaint is not insufficient simply because the police officer writing the ticket did not personally swear to the complaint. *Rose*, 799 S.W.2d at 384. Thus, appellant's complaints regarding the sufficiency of the complaint and the underlying documents lack merit. To the extent appellant complains of the failure of the complaint to define certain terms, he fails to cite to any authority to support his arguments. *See Muhammad*, 331 S.W.3d at 195. We overrule appellants' tenth, eleventh, twelfth, fourteenth, and fifteenth issues.

In his seventeenth and eighteenth issues, appellant complains that the police officers' testimony was unreliable and should have been stricken. Appellant argues the police officers were "allowed to give opinions on ultimate issues using statutorily defined and technical terms of art over appellant's timely objections." Appellant does not identify the "statutory terms" he finds objectionable. However, the record shows his objections to the officers' testimony centered on appellant's continued attempts to impose on the proceeding his definitions of terms

–11–

such as "transportation," "travel," "state," and "person." As discussed previously, appellant has failed to cite any relevant authority to support those definitions. *See id.* Further, the trial judge, as the trier of fact, was the sole judge of the witnesses' credibility and the weight to be given their testimony and was free to accept or reject any or all evidence presented by either side. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). We overrule appellant's seventeenth and eighteenth issues.

We affirm the judgment of the Dallas County Criminal Court of Appeals.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

141570F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT EARL MARZETT, Appellant

No. 05-14-01570-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC14R0006-D.
Opinion delivered by Justice Bridges.
Justices Fillmore and Brown participating.

Based on the Court's opinion of this date, the judgment of the Dallas County Criminal Court of Appeals is **AFFIRMED**.

Judgment entered May 29, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROBERT EARL MARZETT, Appellant

No. 05-14-01571-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC14R0007-D.
Opinion delivered by Justice Bridges.
Justices Fillmore and Brown participating.

Based on the Court's opinion of this date, the judgment of the Dallas County Criminal Court of Appeals is **AFFIRMED**.

Judgment entered May 29, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ROBERT EARL MARZETT, Appellant

No. 05-14-01611-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC14R0008-D.
Opinion delivered by Justice Bridges.
Justices Fillmore and Brown participating.

Based on the Court's opinion of this date, the judgment of the Dallas County Criminal Court of Appeals is **AFFIRMED**.

Judgment entered May 29, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ROBERT EARL MARZETT, Appellant

No. 05-14-01612-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC14R0009-D.
Opinion delivered by Justice Bridges.
Justices Fillmore and Brown participating.

Based on the Court's opinion of this date, the judgment of the Dallas County Criminal Court of Appeals is **AFFIRMED**.

Judgment entered May 29, 2015.