

# NUMBER 13-13-00536-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

THE STATE OF TEXAS,                                                    Appellant,

v.

JOSE BALANDRANO,                                                      Appellee.

---

### On appeal from the County Court at Law No. 8
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Justice Perkes

The State of Texas charged appellee Jose Balandrano by information with driving while intoxicated, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through Ch. 46 2015 R.S.). The State appeals the trial court's order granting Balandrano's motion to quash and dismiss the information. By one issue, the State argues the trial court erred in granting the motion to quash and dismiss because the

complaint attached to the information complied with Texas Code of Criminal Procedure articles 15.05 and 21.22.  *See* TEX. CODE CRIM. PROC. ANN. art. 15.05, 21.22 (West, Westlaw through Ch. 46 2015 R.S.).   We reverse and remand.

## I.  BACKGROUND

After the State charged Balandrano with DWI, he filed a motion to quash and dismiss the information, asserting the following:   (1) the DWI complaint submitted by the arresting agency contained a defective jurat and the officer who arrested Balandrano did not sponsor the information; (2) the information was predicated on an invalid DWI complaint; and (3) the case was previously dismissed by the trial court.[1]   A single document contained the information and complaint, with the information reading as follows:

> In the name and by the authority of the State of Texas: Before me, the undersigned Assistant Criminal District Attorney of Hidalgo County, Texas, appeared the undersigned affiant, who under oath says, that (s)he has good reason to believe and does believe that in Hidalgo County, Texas, Jose Balandrano, the defendant, heretofore on or about the 26 day of May, 2012, while driving and operating a motor vehicle in a public place, to-wit: a public street, highway and /or a public parking lot, was then and there intoxicated in that said defendant did not have normal use of defendant's mental and physical faculties by reason of the introduction of alcohol, a drug, a controlled substance and a combination of two and more of these into defendant's body.

According to the State, an investigator for the District Attorney's office signed the sworn complaint as the affiant.   Within the State's file was another document, produced

[1] The complaint in this case was transferred from County Court at Law Number 5 in Hidalgo County, Texas to County Court at Law Number 8.   The State previously filed the same complaint in County Court at Law Number 5.   The prior complaint was dismissed by County Court at Law Number 5 based on arguments similar to those in this case.

by the arresting agency, titled "DWI Complaint." The language in the "DWI Complaint" similarly tracked the above quoted complaint, but the jurat was left blank.

During the hearing, Balandrano argued that the "DWI Complaint" was not credible because it was not sworn. Balandrano further argued that the district attorney investigator relied on the non-credible "DWI Complaint" as the basis for his complaint, rendering the information and complaint defective.[2] The trial court granted Balandrano's motion to quash and dismiss the information. This appeal followed.

## I. MOTION TO QUASH AND DISMISS THE INFORMATION

By a single issue, the State alleges the trial court erred in granting Balandrano's motion to quash and dismiss the information.[3] Specifically, the State argues that the affiant is not required to have first-hand knowledge of the offense and that the complaint meets the requirements of Texas Code of Criminal Procedure articles 15.05 and 21.22. *See* TEX. CODE CRIM. PROC. ANN. art. 15.05, 21.22.

## A. Standard of Review Applicable Law

We review de novo a trial court's ruling on a motion to quash an information. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) (modifying standard of review for motion to quash indictments to de novo instead of abuse of discretion).

The purpose of the complaint is to apprise the accused of the facts surrounding the charged offense to permit him to prepare a defense to such charge. *Rose v. State*, 799 S.W.2d 381, 384 (Tex. App.—Dallas 1990, no pet.). A complaint must: (1) state the

---

[2] During the hearing, Balandrano conceded the State could refile the previously dismissed complaint.

[3] Balandrano did not file an appellee's brief.

3

name of the accused, if known, and if not known, must give some reasonably definite description of him; (2) show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense; (3) state the time and place of the commission of the offense, as definitely as can be done by the affiant; and (4) be signed by the affiant by writing his name or affixing his mark. *See* TEX. CODE CRIM. PROC. ANN. art. 15.05. A complaint valid on its face is sufficient to support a prosecution by information. *Wells v. State*, 516 S.W.2d 663, 664 (Tex. Crim. App. 1974); *Rose*, 799 S.W.2d at 384.

No requirement exists that the affiant have firsthand knowledge, and the court need not inquire into the nature of the knowledge upon which an affiant bases his factual statements. *Wells*, 516 S.W.2d at 664 ("In order to effectuate the purposes of a complaint or affidavit accompanying an information, we hold that it is not necessary to inquire into the nature of the knowledge upon which an affiant bases his factual statements."); *Rose*, 799 S.W.2d at 384; *Pringle v. State*, 732 S.W.2d 363, 368 (Tex. App.—Dallas 1987, pet. ref'd). The affiant may base the accusations in the complaint on information obtained from the police report. *Wells*, 516 S.W.2d at 664. Article 21.22 governs the requirements of an information based upon a complaint and only requires an affidavit by "some credible person charging the defendant with an offense." *See* TEX. CODE CRIM. PROC. ANN. art. 21.22.

**B.    Analysis**

4

The information was supported by the investigator's affidavit. The investigator's affidavit was based on the "DWI complaint" provided by the arresting agency. There is no showing the investigator is not a "credible person." Further, there is no requirement that the affiant have first-hand knowledge. *See Rose*, 799 S.W.2d at 384; *Pringle,* 732 S.W.2d at 368; *see also Richards v. State*, 305 S.W.2d 375, 376 (Tex. Crim. App. 1957); *Paulsen v. State*, No. 01-99-000271-CR, 2000 WL 1678444, at *2 (Tex. App.—Houston [1st Dist.] Nov. 9, 2000, no pet.) (explaining that district attorney investigator may serve as complainant).

The requisites of a complaint or affidavit to support a prosecution under an information are not as stringent as the requirements of a complaint or affidavit for a search warrant. *Wells*, 516 S.W.2d at 664 (citing *Chapa v. State*, 420 S.W.2d 943, 944 (Tex. Crim. App. 1967)). The purpose of the prosecution affidavit is to preclude a single individual from being both accuser and prosecutor; consequently, it is not necessary to inquire into the nature of the knowledge upon which an affiant bases his factual statements. *Wells*, 516 S.W.2d at 664. Therefore, Balandrano's argument—that the information is invalid because it was not sponsored by the arresting officer—is incorrect.

Balandrano's argument that the information was predicated on an "invalid DWI complaint" is equally meritless. As we discussed, the information's affiant may be someone other than the arresting officer. *Id.* We have reviewed the complaint and information before us and have determined that each complies with the requisite statutory requirements. The complaint made against Balandrano was sworn to before an assistant district attorney, who signed the complaint and prepared a duly executed

5

information.   The complaint meets the requirements of article 15.05 and was presented and filed in compliance with article 21.22.   *See* TEX. CODE CRIM. PROC. ANN. art. 15.05, 21.22.   We sustain the State's sole issue.

## II.  CONCLUSION

We reverse the order of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of August, 2015.

6