MARY RIHA, Plaintiff, *v.* JOSEPH A. BABOR, Defendant.

Supreme Court, Special Term, Queens County, February 9, 1943.

*Thomas F. Campion* and *Donald C. McCallion* for plaintiff.

*Francis C. Dale* for defendant.

HOOLEY, J. Motion by the plaintiff for an order directing the Clerk of Queens County to either retax costs herein or for a new taxation herein.

Motion by the defendant for an order directing (1) that the bill of costs entered and included in the judgment herein as

taxed be modified and corrected; (2) that the judgment entered in this action be corrected and amended by striking interest therefrom and reducing the judgment accordingly; (3) that the " Clerk's Minutes " be corrected and modified by inserting additional words therein; and (4) that the defendant have costs of this motion, and that restitution and refund of said amounts be made by the plaintiff to the defendant accordingly.

This is an action on an oral agreement for money loaned. The jury found in favor of the plaintiff for the sum of $5,000 and the plaintiff entered a judgment in that amount plus interest from the date of the loan, which interest was added by the Clerk. This judgment was paid in full by the defendant on December 2, 1942.

The motion by the plaintiff for the new taxation of costs is granted. Witness fees and items for examination of a party and witnesses before trial are allowable.

The motion by the defendant for the modification of the bill of costs by reducing the item " Costs before Note of Issue $25 " to the admittedly proper sum of fifteen dollars is granted and should be allowed upon such new taxation.

Upon the rendition of the verdict for $5,000, the attorney for the plaintiff asked about the interest and the jury indicated that the amount of their verdict did not take interest into consideration. The court did not direct the clerk to add interest to the amount of the verdict although the plaintiff was entitled to such relief. Thereupon the attorney for the plaintiff entered judgment and the clerk added the amount of the interest thereto computed from the date of the loan to the date of docketing the judgment. This was beyond the power of the clerk.

There is a question of fact as to when the interest began to run, whether from the date of the loan or the date of the demand and, if the latter, when that demand occurred. That question of fact not having been passed upon by the jury, it is the duty of the court to award interest only from the time the clear legal right thereto appears. In this case that would be the date of the demand, inasmuch as the jury decided that the loan was payable on demand. The demand was certainly made at the time the summons was served, and the interest that should be allowed will be interest at the legal rate from the date of the service of the summons.

While payment of a judgment in full voluntarily and without protest might ordinarily bar recovery of all or any part thereof, it is the court's opinion that such payment was not present here.

In this case execution had been issued, third-party orders had been served, and payment under such circumstances followed by an appeal from the judgment cannot be interpreted as payment voluntarily made without protest. The judgment is amended and reduced accordingly and interest is allowed upon the verdict from the date of the service of the summons herein.

Whatever was said with reference to the jury's verdict is fully recorded in the stenographer's minutes. Modification of the " Clerk's Minutes " with regard thereto is denied.

Restitution and refund to the extent indicated above is granted. Because of the unusual circumstances involved, no costs are allowed upon these motions.

Submit order accordingly on notice.