**J. C. RYAN, d/b/a People's Heating Company, Respondent,**

v.

**Pearl ENGELKE, Appellant.**

**No. 29268.**

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1955.

Motion for Rehearing or for Transfer to Supreme Court Denied Jan. 13, 1956.

Kappel & Neill, John C. Kappel, Jr., Harry G. Neill, Jr., St. Louis, for appellant.

John Grossman, St. Louis, for respondent.

WALTER E. BAILEY, Special Judge.

This is an appeal by defendant from an order of the Circuit Court rendered in a

suit on an appeal from a judgment of the Magistrate Court, by which the Court ordered satisfaction of said judgment and dismissal of plaintiff's cause of action.

Appellant's statement of the case is concise and agreed to by respondent and is adopted by the Court, which statement is as follows:

"This law suit was originally filed on the 10th day of December, 1953, in the Magistrate Court of the City of St. Louis, Missouri. Respondent, plaintiff herein, sued to recover the sum of $570.00, which was allegedly the balance due under a contract for the installation of a certain heating unit in Appellant's property at 4901 North Broadway.

"On the 23rd day of April, 1954, judgment was rendered in favor of Respondent for the sum of $570.00 and costs. On the 27th day of April, 1954, Appellant perfected her appeal without bond to the Circuit Court of the City of St. Louis, Missouri.

"This cause was set for trial in the Circuit Court of the City of St. Louis on the trial docket for the week of December 6, 1954.

"During the pendency of this appeal, Respondent caused a garnishment to be issued, naming therein Wolff-Tober Shoe Company, as garnishee, and under said garnishment, received the sum of $48.34. On the 28th day of June, 1954, Appellant filed in the office of the Clerk of the Circuit Court her appeal bond, which was duly approved and on the first day of July, 1954, filed her motion to release the garnishee and to quash execution and garnishment. The Honorable Judge of the Circuit Court, on the first day of July, 1954, overruled this motion and ordered the appeal bond withdrawn.

"On the 21st day of October, 1954, the Respondent, through his attorney, advised Appellant that it was his intention to run execution under which the Sheriff of the City of St. Louis would sell real estate belonging to Appellant to satisfy the remaining balance due under the Magistrate judgment.

"Appellant, under threat of such execution, paid Respondent the sum of $521.64, on the 28th day of October, 1954, and advised Respondent that this money was being paid under threat of execution and that Appellant would be ready to prosecute her appeal on the 6th day of December, 1954 (Transcript pp. 13–14).

"On the 6th day of December, 1954, when said cause was sounded on the docket, Appellant announced ready for trial. Respondent over the objection of Appellant, filed his memorandum which read as follows:

" 'Judgment of the Magistrate Court in the above-entitled cause of action having been fully paid, plaintiff acknowledges satisfaction thereof in open court and dismisses his cause of action with prejudice to plaintiff at the cost of plaintiff.' (Transcript pp. 8–9).

"Over the objections of Appellant, the court ordered satisfaction of the Magistrate judgment and dismissal of this cause at plaintiff's costs. This cause was removed by court from the trial docket on December 6, 1954.

"On the 14th day of December, 1954, Appellant filed her motion to set aside the order of December 6, 1954. This motion was heard by the Circuit Court of the City of St. Louis, Division No. 1, on the 17th day of December, 1954, and denied. On the 21st day of December, 1954, this appeal was taken to this court.".

An additional fact added to the statement by Respondent is that "a transcript of the judgment rendered in the Magistrate Court on April 23, 1954, was filed in the Circuit Court of the City of St. Louis just prior to the time that Appellee advised the Appellant that it was his intention to cause the Sheriff of the City of St. Louis

to sell real estate belonging to Appellant to satisfy the remaining balance due under the Magistrate judgment."

█ In her first assignment of error Appellant asserts that the court erred in permitting Respondent to satisfy the judgment of the Magistrate Court, which judgment, it is stated, had been vacated or suspended by virtue of Appellant's timely appeal. In connection with this assignment of error Appellant, under Point One of her Points and Authorities, states that a party may appeal from a judgment of the Magistrate Court without bond. Citing Section 512.190 RSMo 1949, V.A.M.S. This statement of the law is conceded by Respondent and as to that there is no question. Prior to the enactment of this particular section no appeal from a Justice of the Peace Court could be prosecuted or perfected unless and until a proper bond was given. The wording of the present section simply provides that a party may appeal from a judgment by filing notice of appeal with the Magistrate within ten days after the judgment is rendered and then provides: "But no appeal shall stay execution unless and until the applicant, or some person for him, together with one or more solvent sureties, to be approved by the magistrate, within the time prescribed in the first clause of this section, enter into a recognizance before the magistrate to the adverse party, in a sum sufficient to secure the payment of such judgment and the costs, * * *." Since Appellant did not give a bond within the time prescribed by the statute, to-wit: ten days after the judgment was rendered, her appeal did not stay execution and her property was subject to levy under execution. As shown by the statement of facts heretofore set forth, a garnishment was issued based upon said judgment by which Respondent received $48.34. Thereafter Appellant made an abortive attempt to give a bond in the Circuit Court and filed a motion to quash the execution and garnishment, which was by the Court overruled, no doubt for the reason that the bond was untimely given. There is no question but that defendant gave the proper notice of appeal and that the appeal was granted by the Magistrate Court without bond, leaving plaintiff's property subject to execution as provided by law.

█ Under Point Two of Appellant's Points and Authorities it is stated that Appellant's appeal vacated or suspended the judgment rendered in the Magistrate Court and therefore there was no judgment which could be satisfied. In support of said statement appellant cites a number of cases which were decided prior to the enactment of the present section in regard to appeal from Magistrate Court, except the case of Hickerson v. Con Frazier Buick Company, Mo.App., 264 S.W.2d 29, 32. That was a case in which an appeal had been taken by the plaintiff from a Probate Court order and thereafter dismissed by plaintiff. It was contended that the decision of the Probate Court was final and binding on the plaintiff and that the suit should be abated. In the opinion of the Appellate Court written by Judge Cave it was held that "when a *plaintiff* appeals from an adverse judgment in the justice of the peace (magistrate) court and dismisses his action in the circuit court, such dismissal has the effect of vacating the judgment of the justice." Citing the old case of Turner v. Northcut, 9 Mo. 251. It was therefore held that the proceedings in the Probate Court had been vacated by the dismissal and were not res judicata of the issues presented. That decision had to do with an appeal by plaintiff and dismissal by him. It is a different situation when the appeal is taken by defendant from a judgment against him. Where an appeal is taken by defendant without bond the judgment must necessarily remain in force if effect is to be given to the right of the judgment plaintiff to have an execution issued against the property of the defendant. The Magistrate may take no further action in regard to the judgment after the appeal is taken but the successful plaintiff certainly has the right to have an execution issued upon the judgment if he desires to do so.

█ In Point Three of Appellant's assignment of errors it is alleged that the Court erred in approving Respondent's

satisfaction of the judgment and dismissal of the cause of action which amounted to a dismissal of Appellant's appeal with prejudice, thereby denying Appellant's right to have: said cause determined by trial or to recover the money paid Respondent during the pendency of such appeal. It is Respondent's contention that since Appellant paid the judgment that Respondent was compelled under Section 511.570 RSMo 1949, V.A.M.S., to satisfy the judgment, and that if plaintiff had not entered an acknowledgment of satisfaction he could have subjected himself to a suit for damages. While the above referred to section does provide that when any judgment or decree is satisfied otherwise than by execution the party in whose favor the same was rendered shall immediately thereafter enter an acknowledgment of satisfaction thereof. This section is followed by Section 511.620 which provides for certain proceedings when the party refuses to satisfy the judgment and that upon such refusal the party interested may have the Court order a satisfaction to be entered by the Clerk. Of course this later section was not invoked by the Appellant but on the contrary after Appellant herein paid the judgment she opposed the action of the Court in entering the satisfaction. There was, therefore, no possibility of Respondent being subjected to an action for damages for failure to acknowledge satisfaction of the judgment.

The circumstances under which defendant paid the judgment would make it appear that it was not a voluntary payment on her part. After the garnishment had been obtained, as hereinbefore referred to, Respondent, through his attorney, advised Appellant that it was his intention to run an execution based on the judgment under which the Sheriff of the City of St. Louis would sell real estate belonging to Appellant to satisfy the remaining balance due under the Magistrate judgment. Thereupon Appellant, under threat of execution, paid Respondent the sum of $561.64 and advised Respondent that this money was being paid under threat of execution and that Appel-

lant would be ready to prosecute her appeal on the 6th day of December, 1954. The question therefore arises, whether or not the payment of a judgment under such circumstances amounts to a payment requiring Respondent to enter satisfaction of the judgment pending the appeal. If Respondent's contention is correct that he was required to enter satisfaction and dismissal of the cause of action, then Section 512.190, in so far as it permits an appeal without bond, becomes a nullity. Had Respondent procured full satisfaction of the amount of the judgment either by garnishment or by levying upon the property of Appellant, under his theory, it would seem that he would then have to enter a satisfaction of the judgment, since he would have been paid the whole amount thereof by the Sheriff in whose hands the execution might have been placed. Of course this did not occur in this case, but the result would have been the same had such procedure taken place. Under the evidence in this case defendant, although she could have appealed with bond and have avoided the threat of an execution, elected to perfect her appeal without bond. This she had a right to do under the present statute. It hardly seems fair or just to say that under such circumstances Respondent could satisfy the judgment and have the cause dismissed by reason of payment either through the process of an execution or by the act of Appellant in paying the same to prevent a levy upon her property and thus deprive Appellant of the right to have the cause retried in Circuit Court. This matter of payment under either duress or to prevent execution against the property of one interested in the suit is not entirely a new legal proposition in this state. In an early case decided by this Court, Lumaghi v. Abt, 126 Mo.App. 221, 103 S.W. 104, in an opinion by the eminent jurist, Judge Goode, it was held that the payment of a judgment by judgment defendant in order to relieve his land from the lien of the judgment so that he might convey it, was not a voluntary payment and would not prevent him from prosecuting his writ of error in the cause in the appellate court. This is a very well-

reasoned opinion. On page 230 of 126 Mo.App., on page 106 of 103 S.W. of that opinion Judge Goode cites with approval an extract from Elliott on Appellate Practice which is as follows:

" 'It is obvious that there is an essential difference between one who pays a judgment against him and one who accepts payment of a sum awarded him by a judgment. Payment by a party against whom a judgment is rendered may often be necessary to protect his property from sacrifice, and what a party does to prevent the sacrifice of his property cannot with any tinge of justice be held to preclude him from assailing the judgment. Our cases, holding that payment by the defendant does not estop him from prosecuting an appeal, rest on solid ground, and are sustained by the decisions of other courts.' "

While that case did not involve an appeal from a Magistrate Court we think the reasoning applied with equal force to such cases. It is generally held that one against whom a judgment or decree has been rendered for a sum of money does not, by paying and satisfying it under circumstances amounting to compulsion, waive or lose his right to have it reviewed upon a writ of error or appeal. 29 L.R.A.,N.S., Note page 22. In 70 C.J.S., Payment, § 143, p. 349 it is said "that the payment of a judgment on execution is not a voluntary payment and does not operate as a waiver of the right to restitution." It has been further held that where an execution on a judgment obtained had been issued payment under such circumstances followed by "an appeal from the judgment did not constitute a 'payment voluntarily made without protest'." Citing Riha v. Babor, 179 Misc. 755, 42 N.Y.S.2d 346.

The effect of the order in this case in permitting the plaintiff to acknowledge full satisfaction of the judgment and dismissing the cause of action with prejudice to the plaintiff, was to deprive Appellant herein of the right to have her appeal from the Magistrate Court heard by the Circuit Court. This is not the intent of the law as it now stands. Appellant has the right to have her appeal heard and the dismissal and full satisfaction of the judgment was premature to say the least.

In regard to Appellant's Point Four to the effect that she is entitled to restitution of any money received by Respondent on said vacated judgment during the pendency of this appeal, it is our opinion such contention is without sanction of law. If the judgment of the Magistrate be reversed then the right to restitution may be invoked and there necessarily would have to be an adjudication by the court having jurisdiction over the cause before Respondent should be ordered to restore the money and make restitution to Appellant.

It is the opinion of this Court that the judgment of the trial court in permitting plaintiff to acknowledge full satisfaction of the judgment in open court and dismissing his cause of action should be reversed and that said order be for naught held and the appeal of Appellant from the Magistrate Court judgment should be heard upon its merits. It is so ordered.

ANDERSON, P. J., and MATTHES, J., concur.