**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-17-00603-CV

—————————————

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

## V.

## JOHN  BRYAN  MARSHALL, Appellee

---

**On Appeal from the County Court at Law No. 5**
**Fort Bend County, Texas**
**Trial Court Case No. 17-CCV-059408**

---

## O P I N I O N

Texas law requires an applicant for a license to carry a handgun to meet certain criteria, including being "fully qualified under applicable federal and state law to purchase a handgun." *See* TEX. GOV'T CODE § 411.172(a)(9). Federal law, in turn,

bars any person convicted of a misdemeanor crime of domestic violence from possessing a firearm. 18 U.S.C. § 922(g)(9).

In this case, the county court at law concluded that appellee John Marshall was entitled to a handgun license because the record did not show that Marshall had been convicted of a misdemeanor crime of domestic violence or that he was otherwise ineligible for the license he sought. Applying section 922(g)(9)'s plain terms to the record before us, we agree. We therefore affirm.

## Background

In April 2015, John Bryan Marshall was convicted of misdemeanor assault by contact. *See* TEX. PENAL CODE § 22.01(a)(3). The charge to which he pleaded guilty did not specify the victim.

Marshall later applied for a license to carry a handgun. The Department of Public Safety ("the Department") denied Marshall's application, concluding that he was ineligible under 18 U.S.C. § 922(g)(9). A justice court affirmed the denial. *See* TEX. GOV'T CODE § 411.180(a),(c).

Marshall then sought a trial de novo in a county court at law. *See id.* § 411.180(e). At trial, the Department argued that Marshall was ineligible under 18 U.S.C. § 922(g)(9) for a license because his assault by contact conviction was a misdemeanor crime of domestic violence. In support, the Department relied on (1) Marshall's assault by contact guilty plea—which does not specify a victim;

2

(2) divorce papers showing that Marshall was married to his now ex-wife at the time that he committed the assault on an unnamed victim; and (3) an earlier misdemeanor information, with an accompanying complaint, charging Marshall with assault of his wife—a charge of which he was never convicted. Neither the Department nor Marshall called any witnesses.

The county court at law found in Marshall's favor. It concluded that the record did not show that Marshall had been convicted of a crime of domestic violence. The Department appeals. The only issue on appeal is whether the record shows that Marshall was ineligible for a handgun license under the Texas and federal statutes.

**Analysis**

Texas law requires the denial of an application for a handgun license to be supported by a preponderance of the evidence. *See* TEX. GOV'T CODE § 411.180(c),(e); *see also Satterfield v. Tex. Dep't of Pub. Safety*, 221 S.W.3d 909, 913 (Tex. App.—Beaumont 2007, no pet.). If a court determines that a denial is not supported by a preponderance of the evidence, the Texas Government Code directs the court to "order the department to immediately issue. . . the license to the applicant." *See* TEX. GOV'T CODE § 411.180(c). Whether the Department's decision is supported by a preponderance of the evidence is a question of law. *See Tex. Dep't of Pub. Safety v. Manwell*, 236 S.W.3d 905, 907 (Tex. App.—Corpus Christi 2007, no pet.).

An applicant for a license to carry a handgun in Texas must meet the criteria outlined in the License to Carry a Handgun Act. *See e.g.* TEX. GOV'T CODE § 411.172 (a)(1–14). Relevant here, an applicant "must be fully qualified under applicable federal and state law to purchase a handgun." *Id.* § 411.172(a)(9).

Federal law prohibits any person "who has been *convicted* in any court of a misdemeanor *crime of domestic violence*, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(9) (emphasis added). A misdemeanor crime of domestic violence is an offense that "(i) is a misdemeanor under Federal, State or Tribal law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent or guardian of the victim." *Id.* § 921(a)(33)(A).

We apply statutes as they are written. So the question under 18 U.S.C. § 922(g)(9) is whether Marshall was "convicted" of a crime of "domestic violence."

The United States Supreme Court has held that, to constitute a crime of domestic violence, the offense for which one was convicted need not list the relationship between the offender and victim as a discrete element of the crime.

4

*United States v. Hayes*, 555 U.S. 415, 418, 129 S. Ct. 1079, 1082–84, (2009). But the record must show "a prior conviction that was in fact, for 'an offense . . . committed by' the defendant against a spouse or other domestic victim." *Id.* at 421, 129 S. Ct. at 1084. Because this record makes no such showing, we affirm.

Assuming all the evidence submitted was properly before the trial court, the record does not establish that Marshall was convicted of assaulting his wife, or that he was otherwise convicted of a crime of domestic violence. As explained, the Department's evidence on this point consisted of Marshall's guilty plea to assault by contact, without a specified victim; papers suggesting he was married at the time; and an earlier information and related complaint charging him with conduct he was never convicted of committing.

To begin, Marshall's assault conviction, coupled with divorce papers, do not show, by a preponderance of the evidence or otherwise, that he was convicted of a crime of *domestic* violence. Marshall pleaded guilty to assault by contact, and the information (i.e., charge) to which he pleaded guilty specifies no victim. *See* TEX. PENAL CODE § 22.01(a)(3). The Department offered divorce papers to show that Marshall was married at the time of this assault. And the court admitted the divorce papers for the limited purpose of establishing that Marshall was married to Krysten Marshall at the relevant time. But that does not establish the identity of the (unnamed) assault victim. We cannot conclude, by the preponderance of the

5

evidence, that Marshall's victim was his wife merely because he was married at the time that he assaulted someone. *See Satterfield*, 221 S.W.3d at 914.

The Department's other evidence—an earlier, and in relevant part superseded, charge—does not bridge the gap. That is because 18 U.S.C. § 922(g)(9)'s terms require a "conviction"—not a mere charge. The two are distinct.

A charge is an accusation. The State charges a defendant and initiates a misdemeanor prosecution by presenting an information accompanied by a complaint. *See State v. Drummond*, 501 S.W.3d 78, 81 (Tex. Crim. App. 2016); *see also* TEX. CODE CRIM. PROC. art. 21.22. An information is a charging document: it is "a written statement filed and presented [o]n behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted." TEX. CODE CRIM. PROC. art. 21.20.[1] Charging documents inform the accused of the alleged facts surrounding the offense with which he is charged so he may prepare a defense. *See, e.g.*, *Kindley v. State*, 879 S.W.2d 261, 262–63 (Tex. App.—Houston [14th Dist.] 1994, no pet.).

A conviction, by contrast, requires the State to prove its allegations beyond a reasonable doubt. TEX. CODE CRIM. PROC. art. 38.03; *Crenshaw v. State*, 378 S.W.3d

---

[1] A complaint to support an information is a sworn affidavit, duly attested to by the district or county attorney, that is made "by some credible person charging the defendant with an offense." TEX. CODE CRIM. PROC. arts. 2.04 & 21.22; *State v. Drummond*, 501 S.W.3d 78, 81 (Tex. Crim. App. 2016).

6

460, 465 (Tex. Crim. App. 2012). It is a fundamental tenet that "[a]ll persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." TEX. CODE CRIM. PROC. art. 38.03.

Likewise, the fact that one "has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial." *Id.* An indictment or information "is not [itself] evidence" that the named defendant committed the charged conduct. *See Med. Disc. Pharmacy, L.P. v. State*, No. 01-13-00963-CV, 2015 WL 4100483, at *5 (Tex. App.—Houston [1st Dist.] July 7, 2015, pet. denied) (mem. op.).

Thus, an unproven, stricken accusation does not show by a preponderance of the evidence that Marshall was convicted of any crime of domestic violence. Yet that is what we face here. The Department relied on an earlier (in relevant part superseded) information and complaint—mere charges—to try to prove that Marshall was convicted of assaulting his wife. It is true that Marshall was once *charged* with assaulting his wife. But Marshall was never *convicted* of this charge.

Instead, the charge against Marshall was amended to strike any allegation that his wife was the victim. When part of an information (charging document) is properly stricken, that portion is eliminated, and the defendant is charged with—and relatedly, can be convicted only of—the information's terms, as amended. *See* TEX.

7

CODE CRIM. PROC. arts. 28.10 and 28.11; *Thomas v. State*, 825 S.W.2d 758, 761 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (when State amends a portion of an indictment, the amendment supersedes the original as to the portion amended). Therefore, any allegation that Marshall assaulted his wife was superseded and eliminated. Marshall was no longer even charged with assaulting his wife. His only conviction in this record was for assault of an unidentified victim.

The record thus does not show "a prior conviction that was in fact, for 'an offense . . . committed by' the defendant against a spouse or other domestic victim." *Hayes*, 555 U.S. at 421, 129 S. Ct. at 1084 (interpreting 18 U.S.C. § 922(g)(9)). The fact that Marshall was once charged with assaulting his wife, without more, cannot support the conclusion that he was "convicted" of assaulting her. Nor can the fact that Marshall was married at the time that he assaulted an unspecified victim.

## Conclusion

Because this record does not show by a preponderance of the evidence that Marshall was ineligible for his requested license, we affirm.[2]

 

 

Jennifer Caughey
Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.

Justice Brown, concurring.

---

[2]    In light of our holding, we need not address whether Marshall's conviction fulfills 18 U.S.C. § 921(a)(33)(A)'s physical force requirement.