**Opinion issued March 10, 2022**



In The

# Court of Appeals

### For The

# First District of Texas

_____

### NO. 01-20-00598-CR

### NO. 01-20-00599-CR

_____

### THE STATE OF TEXAS, Appellant

### V.

### FELIX LINARES, Appellee

---

### On Appeal from the County Criminal Court at Law No. 8
### Harris County, Texas
### Trial Court Case Nos. 2208411 & 2208410

---

### MEMORANDUM OPINION

Appellant, the State of Texas, challenges the trial court's orders granting the

motions of appellee, Felix Linares, to quash and set aside two informations,[1]

---

[1]     *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1).

alleging that appellee committed the misdemeanor offenses of failing to stop and give information on striking an unattended vehicle[2] and driving while intoxicated.[3] In its sole issue, the State contends that the trial court erred in granting appellee's motions.[4]

We reverse and remand.

## Background

In trial court cause number 2208411, appellee was charged by information with the misdemeanor offense of failing to stop and give information on striking an unattended vehicle,[5] and the State alleged that appellee, on or about June 2, 2018, "did then and there unlawfully, while driving and operating a vehicle, collide[] with and damage[] an unattended vehicle, which was owned by Louis Morales," the complainant. And appellee,

---

[2]    *See* TEX. TRANSP. CODE ANN. § 550.024; appellate cause no. 01-20-00598-CR, trial court cause no. 2208411.

[3]    *See* TEX. PENAL CODE ANN. § 49.04; appellate cause no. 01-20-00599-CR, trial court cause no. 2208410.

[4]    The State lists four issues in the "Issues Presented" section of its brief, but all relate to the core issue in this appeal—whether the trial court erred in granting appellee's motions to quash and set aside two informations. We note that appellee, in his brief, "does not dispute the State's position in regard to" the State's first, third, and fourth issues. For ease, we will refer to the core issue—whether the trial court erred in granting appellee's motions to quash and set aside two informations—as the State's "sole issue" on appeal, while addressing the arguments raised in the State's brief that the parties still dispute.

[5]    *See* TEX. TRANSP. CODE ANN. § 550.024.

did intentionally and knowingly fail to locate the [c]omplainant and give the [c]omplainant the name and address of [appellee] and fail to leave in a conspicuous place in the [c]omplainant's vehicle a written notice giving the name and address of [appellee] and a statement of the circumstances of the collision, and the damages to the vehicles involved in said accident resulted in a pecuniary loss of value of at least two hundred dollars.

The information was supported by a sworn complaint, which alleged:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that [s]he has good reason to believe and does believe that in Harris County, Texas, [appellee], . . . on or about June 2, 2018, did then and there unlawfully, while driving and operating a vehicle, collide[] with and damage[] an unattended vehicle, which was owned by . . . the [c]omplainant, and [appellee] did intentionally and knowingly fail to locate the [c]omplainant and give the [c]omplainant the name and address of [appellee] and fail to leave in a conspicuous place in the [c]omplainant's vehicle a written notice giving the name and address of [appellee] and a statement of the circumstances of the collision, and the damages to the vehicles involved in said accident resulted in a pecuniary loss of value of at least two hundred dollars.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

The complaint is signed by an affiant and sworn to and subscribed before an assistant district attorney.

In trial court cause number 2208410, appellee was charged by information with the misdemeanor offense of driving while intoxicated,[6] and the State alleged that appellee, on or about June 2, 2018, "did then and there unlawfully, operate a

---

[6] *See* TEX. PENAL CODE ANN. § 49.04.

motor vehicle in a public place while intoxicated." And the State alleged that "an analysis of a specimen of [appellee's] breath showed an alcohol concentration level of at least 0.15 at the time the analysis was performed."

The information was supported by a sworn complaint, which alleged:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that [s]he has good reason to believe and does believe that in Harris County, Texas, [appellee], . . . on or about June 2, 2018, did then and there unlawfully, operate a motor vehicle in a public place while intoxicated.

It is further alleged that[] . . . an analysis of a specimen of [appellee's] breath showed an alcohol concentration level of at least 0.15 at the time the analysis was performed.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

The complaint is signed by an affiant and sworn to and subscribed before an assistant district attorney.

Appellee moved to quash and set aside two informations, generally asserting that the sworn complaints filed with the informations did not "meet the basic essential requirements provided by Texas statute, the Texas Constitution, or the U.S. Constitution." The motions did not specify precisely how the complaints were defective.

At a hearing on appellee's motions to quash and set aside two informations, Berta Franklin testified that she is an administrative assistant with the Harris County District Attorney's Office in the Intake Division. Franklin stated that she is not a licensed attorney. She is over eighteen years of age, and she has either graduated from high school or has an "equivalent GED." She has never been declared incompetent by a court. As part of her job responsibilities, Franklin "sign[s] . . . misdemeanor complaints as the affiant."

While viewing the complaints filed in appellee's trial court cases,[7] Franklin testified that she signed the documents as the affiant. Franklin was "sworn in" by an assistant district attorney before signing the complaints. Franklin swore that "everything [in the complaints was] true and correct" and she had "read the information from . . . DIMS."[8] Franklin then signed the complaints in front of an assistant district attorney and after the assistant district attorney "swore [her] in."

---

[7]    The trial court took judicial notice of the complaints.

[8]    "DIMS" stands for "District Attorney Intake Management System." *See Hughes v. State*, No. 01-01-00698-CR, 2002 WL 2025434, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2002, pet. ref'd) (not designated for publication). According to Franklin, she was provided a "DIMS summary" which was written by the law enforcement officer who "made the arrest" in appellee's cases. That officer "ha[d] to swear to" the statements he made in "his DIMS summary." *See generally ODonnell v. Harris Cty., Tex.*, 251 F. Supp. 3d 1052, 1088 (S.D. Tex. 2017) (explaining law enforcement officer "prepares a District Attorney Intake Management System (DIMS) report and electronically forwards it to the [d]istrict [a]ttorney's office, where the formal charge is prepared"); *Jenson v. State*, No. 14-07-00093-CR, 2008 WL 3833806, at *12 n.4 (Tex. App.—Houston [14th Dist.] Aug. 19, 2008, pet. ref'd) (mem. op., not designated for publication) (noting a

5

After the hearing, the trial court granted appellee's motions to quash and set aside two informations.

## Standard of Review

We review a trial court's ruling on a motion to quash a charging instrument de novo. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *see also State v. Donaldson*, 557 S.W.3d 33, 39–40 (Tex. App.—Austin 2017, pet. ref'd) (addressing whether de-novo or abuse-of-discretion standard of review is appropriate when reviewing trial court's decision on motion to quash indictment); *State v. Balandrano*, No. 13-13-00536-CR, 2015 WL 5136453, at * 2 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2015, no pet.) (mem. op., not designated for publication) (reviewing de novo trial court's ruling on motion to quash information where defendant argued complaint did not meet requirements of Texas Code of Criminal Procedure articles 15.05 and 21.22).

## Motion to Quash

In its sole issue, the State argues that the trial court erred in granting appellee's motions to quash and set aside two informations because the person "who serves as [the] affiant to a complaint [does not need] first-hand knowledge of the allegations against [the] defendant in order for the complaint to be valid."

---

"DIMS report" was "a summary of the offense report" (internal quotations omitted)).

To begin a misdemeanor prosecution, the State presents either an indictment or an information as a charging instrument. *See State v. Drummond*, 501 S.W.3d 78, 81 (Tex. Crim. App. 2016); *Dep't of Pub. Safety v. Marshall*, 570 S.W.3d 315, 318 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *White v. State*, 50 S.W.3d 31, 51 n.23 (Tex. App.—Waco 2001, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 21.20 ("An 'information' is a written statement filed and presented [o]n behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted."). When an information is used, an underlying complaint is also required. *See* TEX. CODE CRIM. PROC. ANN. art. 21.22; *Drummond*, 501 S.W.3d at 81; *Marshall*, 570 S.W.3d at 318; *State v. Caves*, 496 S.W.3d 153, 156 (Tex. App.—San Antonio 2016, pet. ref'd) ("A valid complaint is a prerequisite to a valid information in a misdemeanor case." (internal quotations omitted)).

The Texas Code of Criminal Procedure uses the term "complaint" in three different contexts, including as a prerequisite to an information. *Drummond*, 501 S.W.3d at 81 (internal quotations omitted); *see* TEX. CODE OF CRIM. PROC. ANN. art. 21.22; *see also Huynh v. State*, 901 S.W.2d 480, 481 n.3 (Tex. Crim. App. 1995); *Rodriguez v. State*, 491 S.W.3d 18, 25 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) ("While a complaint must be filed to justify an information, there are other reasons that complaints are filed, unrelated to the filing of an

information."). A complaint to support an information is a sworn affidavit, duly attested to by the district or county attorney, that is made "by some credible person charging the defendant with an offense." *Drummond*, 501 S.W.3d at 81 (internal quotations omitted); *Marshall*, 570 S.W.3d at 318 n.1 (internal quotations omitted); *see* TEX. CODE CRIM. PROC. ANN. art. 21.22. The purpose of the complaint is to inform the defendant of the facts surrounding the charged offense to permit him to prepare a defense to the charge. *Leal v. State*, 533 S.W.3d 444, 445 (Tex. App.—San Antonio 2016, no pet.); *Rose v. State*, 799 S.W.2d 381, 384 (Tex. App.—Dallas 1990, no pet.); *see also Marshall*, 570 S.W.3d at 318.

The complaint's affiant must be a "credible person." TEX. CODE CRIM. PROC. ANN. art. 21.22; *see also Wells v. State*, 516 S.W.2d 663, 664 (Tex. Crim. App. 1974); *State v. Yakushkin*, 625 S.W.3d 552, 561 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). A "credible person" is any person that is competent to testify as a witness. *See Ealy v. State*, 319 S.W.2d 710, 711 (Tex. Crim. App. 1958); *Yakushkin*, 625 S.W.3d at 561. The affiant cannot be an attorney who is part of the prosecution team. *See Wells*, 516 S.W.2d at 664; *Yakushkin*, 625 S.W.3d at 561. This limitation precludes a single individual from being both the accuser and the prosecutor. *Wells*, 516 S.W.2d at 664. Yet, an administrative assistant or an investigator with the district attorney's office is a credible person that may serve as an affiant for a complaint. *See Catchings v. State*, 285 S.W.2d

8

233, 234 (Tex. Crim. App. 1955); *State v. Santillana*, 612 S.W.3d 582, 588 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) ("A complaint filed by a secretary for the Harris County District Attorney has been held to be a complaint by a 'credible person,' even though she did not have first-hand knowledge and based her affirmation on information from a police report and an instrument signed by a police officer."); *Paulsen v. State*, No. 01-99-000271-CR, 2000 WL 1678444, at *2 (Tex. App.—Houston [1st Dist.] Nov. 9, 2000, no pet.) (not designated for publication) ("An employee or agent [of the district attorney's office], such as a secretary, is considered to be a credible person authorized to make a valid complaint because [she] lack[s] the authority to present an information and conduct prosecutions.").

Further, the complaint's affiant does not have to be the person who originally complained about the alleged offense to the district attorney. *Yakushkin*, 625 S.W.3d at 561–62 (Texas Code of Criminal Procedure article 21.22 does not require that affiant, who signs affidavit upon which information is based, "be the person who first notified the district or county attorney of the offense"); *Santillana*, 612 S.W.3d at 587–88; *Rose*, 799 S.W.2d at 384. Nor does the affiant need to have personal or first-hand knowledge of the facts alleged in the complaint. *See Yakushkin*, 625 S.W.3d at 561–62 ("[C]ourts have long held that th[e] affiant can be . . . . someone without personal knowledge of the facts supporting the

9

offense."); *Rose*, 799 S.W.2d at 384; *see also Collins v. State*, No. 05-18-00498-CR, 2019 WL 2648168, at \*6 (Tex. App.—Dallas June 27, 2019, pet. ref'd) (mem. op., not designated for publication) ("There is no requirement that an affiant have first[-]hand knowledge upon which to base his statements in an affidavit. Rather, the affiant may base the accusations in the complaint on information obtained from a police report.").

Under Texas Code of Criminal Procedure article 15.05, a complaint is sufficient if it: (1) states the name of the defendant, if known, and if not known, gives some reasonably definite description of him; (2) shows that the defendant has committed some offense, either directly or that the affiant has good reason to believe, and does believe, that the defendant has committed the offense; (3) states the time and place of the commission of the offense, as definitely as can be done; and (4) is signed by the affiant by writing her name or affixing her mark. TEX. CODE CRIM. PROC. ANN. art. 15.05;[9] *see also State v. Lang*, 916 S.W.2d 63, 64–65

---

[9] Article 15.05 appears in chapter 15 of the Texas Code of Criminal Procedure, entitled "Arrest Under Warrant." Article 15.05 sets out the requirements of a "complaint" in support of a warrant of arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 15.05; *Jernigan v. State*, 661 S.W.2d 936, 938 n.2 (Tex. Crim. App. 1983); *see also State v. Yakushkin*, 625 S.W.3d 552, 560 n.7 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). Yet, Texas courts have stated or implied that article 15.05's requirements applicable to a complaint supporting an arrest warrant also apply to a complaint supporting a misdemeanor information. *See, e.g.*, *Wells v. State*, 516 S.W.2d 663, 664–65 (Tex. Crim. App. 1974); *Gholson v. State*, 667 S.W.2d 168, 177 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd); *see also Yakushkin*, 625 S.W.3d at 560 n.7; *State v. Santillana*, 612 S.W.3d 582, 587 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *Paulsen v. State*, No.

(Tex. App.—Houston [1st Dist.] 1996, no pet.); *Rose*, 799 S.W.2d at 384 (article 15.05 sets out requirements of complaint). The affiant may base her belief that an offense has been committed on information she read from a police report, without directly speaking to the law enforcement officer who had knowledge of the offense. *Rose*, 799 S.W.2d at 384; *cf. Santillana*, 612 S.W.3d at 588; *Collins*, 2019 WL 2648168, at *6. And it is not necessary for a court "to inquire into the nature of the knowledge upon which an affiant bases h[er] factual statements" in the complaint. *Wells*, 516 S.W.2d at 664; *see also Balandrano*, 2015 WL 5136453, at * 2 ("No requirement exists that the affiant have first[-]hand knowledge, and the court need not inquire into the nature of the knowledge upon which an affiant bases his factual statements."); *Detamore v. State*, No. 01-94-00062-CR, 1994 WL 389134, at *4 (Tex. App.—Houston [1st Dist.] July 28, 1994, pet. ref'd) (not designated for publication); *Rose*, 799 S.W.2d at 384.

At the hearing on appellee's motions to quash and set aside two informations, appellee argued that that the complaints in his cases were invalid because Franklin, an administrative assistant with the Harris County District Attorney's Office, "d[id] not have personal knowledge of the information" and Franklin "very clearly stated [that] she was not the complainant in th[e] case[s]." According to appellee, "[t]hat ma[de] her not a proper affiant for [the] complaint"

01-99-00271-CR, 2000 WL 1678444, at *1–2 (Tex. App.—Houston [1st Dist.] Nov. 9, 2000, no pet.) (not designated for publication).

11

and violated Texas Code of Criminal Procedure article 2.04. *See Yakushkin*, 625 S.W.3d at 562 (defendant has burden of proof on motion to quash indictment or complaint and it is defendant's "burden to prove that the affidavit[]" filed with information was invalid); *Rodriguez*, 491 S.W.3d at 26 (defendant bears burden of proof on motion to quash). This is the same argument appellee advances on appeal.[10]

> Texas Code of Criminal Procedure article 2.04 provides:
>
> Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.

TEX. CODE CRIM. PROC. ANN. art. 2.04.

We have previously addressed and rejected the argument made by appellee. In *Santillana*, this Court was faced with the same issue—whether the trial court erred in granting the motions to quash and set aside the informations filed by the appellees—the criminal defendants—in the trial court. 612 S.W.3d at 584, 587–88. In that case, the appellees argued that the complaints filed in their cases were invalid because they did not comply with Texas Code of Criminal Procedure article 2.04. *See id.* According to appellees, the person who signed the complaints as the affiant was "required to be the same person who originally complained about

---

[10] Appellee has abandoned on appeal the other arguments he asserted at the hearing as to why the complaints were invalid.

the alleged offense to the district attorney" and because the "administrative employee of the [d]istrict [a]ttorney's office" who signed the complaints filed in appellees' cases was not the complainant and did not have first-hand knowledge of the facts alleged in the complaints, the complaints were invalid and the trial court properly granted appellees' motions. *Id.* at 587–88 (internal quotations omitted). But we explained that Texas law requires a complaint to be presented to a district attorney "by some credible person charging the defendant with an offense." *Id.* at 588 (quoting TEX. CODE OF CRIM. PROC. ANN. art. 21.22). And a "credible person is a person competent to testify." *Id.* We specifically stated, that "[a] complaint filed by a[n] [administrative assistant] for the Harris County District Attorney['s] [Office is] a complaint by a 'credible person,' even though she d[oes] not have first-hand knowledge and base[s] her affirmation on information from a police report and an instrument signed by a [law enforcement] officer." *Id.* Thus, because the appellees' argument regarding to validity of the complaints under Texas Code of Criminal Procedure article 2.04 was without merit, we held that the trial court erred in dismissing the informations on such a basis, and we reversed the trial court's ruling granting the motions to quash and set aside the informations and remanded the cases to the trial court for further proceedings consistent with our opinion. *Id.*; *Paulsen*, 2000 WL 1678444, at *2 ("An employee or agent [of the district attorney's office], such as a secretary, is considered to be a credible person

authorized to make a valid complaint because [she] lack[s] the authority to present an information and conduct prosecutions.").

We note that our sister appellate court has also reached the same conclusion when presented with the same argument on appeal. *See Yakushkin*, 625 S.W.3d at 559–62 (rejecting defendant's argument, based on Texas Code of Criminal Procedure article 2.04, that "the person signing the affidavit [that accompanies the information must] be the person who first reported the alleged offense to the district attorney" and noting "courts have long held that th[e] affiant can be . . . someone without personal knowledge of the facts supporting the offense"); *see also Catchings*, 285 S.W.2d at 234 (administrative assistant with district attorney's office is credible person that may serve as affiant for complaint); *Collins*, 2019 WL 2648168, at *6 ("There is no requirement that an affiant have first[-]hand knowledge upon which to base his statements in an affidavit.") *Rose*, 799 S.W.2d at 384 ("No requirement exists that the affiant have first[-]hand knowledge, and the court need not inquire into the nature of the knowledge upon which an affiant bases her factual statements. The affiant may base her accusations in the complaint on information obtained from the police report. A complaint is not insufficient simply because the [law enforcement] officer [making the arrest] did not personally swear to the complaint." (internal quotations omitted)).

We conclude that the fact that Franklin, an administrative assistant with the Harris County District Attorney's Office, signed the complaints as the affiant even though she was not the complainant in appellee's cases and lacked first-hand knowledge of the facts of the offenses alleged in the complaints could not be a basis for concluding that the complaints were invalid and could not be a basis for granting appellee's motions to quash and set aside two informations. Thus, we hold that the trial court erred in granting appellee's motions to quash and set aside two informations.

We sustain the State's sole issue.

## Conclusion

We reverse the trial court's orders granting appellee's motions to quash and set aside two informations. We remand the cases to the trial court for further proceedings consistent with this opinion.

Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Countiss and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).